Case 1:25-cv-00091   Document 17   Filed on 07/01/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 01, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE F.[1] <br> AND ANDREW FUENTES, <br>     Petitioner, <br><br> v. <br><br> KRISITI NOEM, *et al.*, <br> *in their official capacities,* <br>     Respondents. | § <br> § <br> § <br> § <br> §   CIVIL ACTION NO. 1:25-cv-091 <br> § <br> § <br> § <br> § <br> § |

### ORDER ON RESPONSE, A-FILE SUBMISSION, AND COUNSEL APPOINTMENT

On April 18, 2025, Andres Fuentes ("Fuentes") filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241, on behalf of Petitioner Jose F. Dkt. No. 1 (Petition). Through the petition, Fuentes alleges Jose F. was detained on December 17, 2024, and is currently being housed at the El Valle Detention Center. Dkt. No. 1, p. 1. The claims allege that Jose F.'s detention violates his Fifth Amendment due process rights and the Convention Against Torture. *Id.* at 3. His immediate release is requested, because "physical deterioration has been visible and rapid," evidenced by "partial facial paralysis." Dkt. *Id.* at 2. On May 13, 2025, the Court ordered Petitioner to file a more definite statement of his claims. Dkt. No. 10. Petitioner, through Fuentes, complied.  Dkt. No. 16. No motion for emergency relief or temporary restraining order requesting injunctive relief is on file with the Court.

The original petition was received by the United States District Court for the Southern District of Texas, Houston Division. On receipt and review of the case, District Judge Sim Lake ordered the petition transferred to the division serving Brownsville, Texas, because both Jose F. and his custodian at the El Valle Detention Center are located within the territorial jurisdiction of this Court. Dkt. No. 5. The case was then referred to the undersigned for resolution of pretrial matters, pursuant to 28 U.S.C 636(c).

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner's last names using only their first initial.

The United States Supreme Court has made clear that for purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner who has the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court notes that the proper respondent is the custodial officer of the facility at which Jose F. is detained, the El Valle Detention Facility in Raymondville, Texas. The Court hereby **DIRECTS** the Clerk of Court to correct the docket to reflect **Francisco Venegas** – the Facility Administrator at the El Valle Detention Center – as the Respondent. If Venegas is no longer the custodial officer for the El Valle Detention Facility, the Government shall inform the Court of who is the proper respondent.

The Clerk is **ORDERED** to serve a copy of the Petition and this Order upon Francisco Venegas at the El Valle Detention Facility at 1800 Industrial Drive in Raymondville, Texas 78580 and the United States Attorney for the Southern District of Texas, Nicholas Ganjei at 1000 Louisiana, Ste. 2300 in Houston, Texas 77002.

It is further **ORDERED** that Respondent shall file and serve an answer or other response to the Petition no **later than August 1, 2025** – responding to the allegations of the Petitioner. Respondent shall include a memorandum of law addressing each of the issues raised in the petition. Respondent shall address: (1) a discussion of any and all custody-review determinations; (2) the status of Jose F,'s removal period; (3) an explanation of any other Government action regarding Jose F.'s continued detention and any available documentation regarding that detention, and (4) a timeframe for when Jose F. will be removed from the United States. All citations to the Immigration and Naturalization Act shall also reference to the appropriate section of the United States Code.

Respondent shall also file under seal – **no later than August 8, 2025** – a Bates stamped copy of Jose's A-file.

Respondent shall advise the Court of any further custody-review determinations or any changes in the legal character of Jose F.'s detention, or if Jose F. is released or removed. If Jose F. is moved from the El Valle Detention Facility, Respondent shall notify the Court of Jose F.'s new address and the expected duration of the new housing assignment.

The Court notes that "when the Government moves a habeas petitioner after [he] properly

files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 441.

Pursuant to 18 U.S.C. § 3006A(a)(2)(B), the Court hereby **APPOINTS** Jodilyn M. Goodwin (SDTx. Fed. No. 20102) to represent the Petitioner in this action.

Signed on July 1, 2025.

*Karen Betancourt*
Karen Betancourt
United States Magistrate Judge